## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD RILEY, | : | CIVIL NO: 1:15-CV-01371 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | |
| EDWARD M. MARSICO, | : | |
| | : | (Magistrate Judge Schwab) |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

Plaintiff Ronald Riley ("Riley"), an inmate currently incarcerated at SCI Smithfield, has filed a complaint against Dauphin County District Attorney Edward M. Marsico, Jr. ("Marsico") pursuant to 28 U.S.C. § 1983, as well as a motion to proceed *in forma pauperis*. It is recommended that Riley's motion to proceed *in forma pauperis* be granted. Riley's complaint, however, fails to state a claim upon which relief can be granted; therefore, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## I. **Background**.

Riley's complaint against Marsico was filed on July 14, 2015, and his motion for leave to proceed *in forma pauperis* was filed on July 21, 2015. *Docs. 1 & 2*. In the complaint, Riley alleges that Marsico, without probable cause, indicted him on February 19, 2006, for violations of Commonwealth statutes, which

allegedly were repealed or inapplicable to him.  In particular, Riley appears to allege that he was indicted for failing to register as a sex offender under Megan's Law.  According to Riley, however, relevant Megan's Law provisions were not applicable to him because it was enacted after he had already been convicted and incarcerated for a sex crime.  Nonetheless, because Marsico allegedly "misstated evidence" and "intentionally misled" the court about Riley's guilt, Riley pleaded guilty to the indicted charge, resulting in his subsequent registration as a sex offender and community notification of his "Tier 3" classification.  *Doc. 1* at 4-5.

After Riley pleaded guilty, an article was published in the Harrisburg Patriot-News regarding his failure to register as a sex offender, and this article was circulated at his workplace and throughout the community where he lived. Because of the article's circulation, Riley also alleges that he was forced to resign from his job at "Ames True Temper" and was forced to leave his apartment. Furthermore, Riley alleges that he, his wife, and his business have become a target, forcing him to close his business and rendering him unable to maintain a residence in Harrisburg.  Additionally, Riley complains that he has been subject to monthly visits by the United States Marshals Service, the circulation of his name and photo in a magazine, and the posting of weekly reports in front of his business.  Finally, Riley alleges that as a direct result of the ordeal, he began to abuse drugs and alcohol.

Based on the allegations, we liberally construe the complaint to include constitutional claims of malicious prosecution.   For remedies, Riley seeks declaratory relief in addition to punitive damages.

## II.   Screening of *In Forma Pauperis* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.   Specifically, the Court is obliged to review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a)   Screening. –** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal. –** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under § 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id*.

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994).  A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902,

4

906 (3d Cir. 1997).  Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must

contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

## III.   Discussion.

Riley's complaint against Marsico for malicious prosecution is brought pursuant to 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).  The requirement that a defendant act under color of state law is essential in order to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

6

Although Marsico qualifies as a state actor, Riley's § 1983 action for malicious prosecution must be dismissed with prejudice because Marsico, as the District Attorney of Dauphin County, is a prosecutor. To that end, it is well established that "in initiating a prosecution and in presenting [a] State's case, [a] prosecutor is immune for a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also, Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992) (holding that a district attorney's decision to initiate plaintiff's prosecution was absolutely immune from a § 1983 lawsuit, even when malicious prosecution was alleged). Thus, whereas Riley's complaint clearly pertains to Marsico's initiating of a prosecution and his presentation of the Commonwealth's case, the § 1983 complaint fails to state a claim upon which relief may be granted, and the complaint should be dismissed.[1]

---

[1] Riley seems to allege in his complaint that Marsico's actions violated the Fifth Amendment. To the extent that Riley does raise Fifth Amendment claims against Marsico, a dismissal of such claims with prejudice would be warranted. Marsico, as the Dauphin County District Attorney, is a state actor, and the Fifth Amendment only applies to federal actors. *See, e.g., Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("For [plaintiff's] . . . Fifth Amendment claims to succeed, [plaintiff] must establish that defendants are federal actors.").

Riley's current § 1983 claims also appear to fail under the favorable-termination rule, which provides that "in order to recover damages for allegedly unconstitutional conviction or imprisonment," a § 1983 plaintiff must prove that his conviction has been "reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Based on the facts alleged, Riley's conviction has not been subject to favorable termination by any of these means.

## IV.   <u>Recommendation</u>.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Riley's motion (*Doc. 2*) for leave to proceed *in forma pauperis* be **GRANTED** but that his complaint (*Doc. 1*) be **DISMISSED** with prejudice.  The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **24th** day of **July 2015**.

> ***S/ Susan E. Schwab***
> Susan E. Schwab
> United States Magistrate Judge